RUSSELL GIFFEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RUTH P. GIFFEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16514, 16515.  Promulgated June 26, 1950.

*Joseph Chanslor Kimble, Esq., T. Newton Russell, Esq., Olliver M. Jamison, Esq.,* and *Gilbert H. Jertberg, Esq.,* for petitioners.
*W. F. McFarland, Esq.,* for the respondent.

1274

**OPINION.**

HILL, *Judge*: The first question for our decision in this proceeding is whether the four children of petitioner, namely, Patricia, Michael, Carolyn, and Price, were bona fide partners for income tax purposes in the limited partnership of Russell Giffen & Co., during the period from October 15, 1941, through March 31, 1944. Respondent concedes that petitioners should be recognized as valid partners in this partnership during these years.

The test for determining the validity taxwise of all partnerships, general or limited, was stated in *Commissioner* v. *Culbertson*, 337 U. S. 733, 742. The question is:

* * * whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * *

Using this test, we have found as a fact that petitioners did not really and truly intend to conduct the business of Russell Giffen & Co. as a bona fide partnership between themselves and their children in the taxable year under consideration.

Both the partnership agreement of October 15, 1941, and the conduct of the partnership thereafter make it clear that petitioners' children, as limited partners, were not intended to perform any services or take part in the management of Russell Giffen & Co. By the agreement entire control of the partnership business was placed in the hands of the general partner, Russell Giffen. At no time from October 15, 1941, through March 31, 1944, did any of the children actually participate in the control of the business activities of the partnership or contribute their services in any form.

Despite petitioners' arguments to the contrary, we are also convinced their children made no contribution of capital to Russell Giffen & Co. Beyond question, they did not contribute independent capital originating with themselves. All the assets of the partnership at its inception were owned by petitioners and used by them in the farming business prior to October 14, 1941. Even were we to recognize the purported gift of an interest in this property to each of the children on that date, yet no capital not available for use in the business before was brought into the business as the result of forming the partnership and investment of those interests therein. But we' found as a fact that the alleged transfers to each of the children of one-sixteenth of each petitioner's one-half interest in the farming properties originally invested in the partnership were not absolute and complete. Petitioners do not claim that their offspring made any contribution of capital subsequent to the formation of Russell Giffen & Co. partnership.

The instrument executed by petitioners on October 14, 1941, expressly conditioned the transfers upon a court order authorizing Ruth Giffen to accept the gifts on behalf of the children, invest them in the limited partnership, and execute the articles of copartnership on behalf of the minors. The strings attached to these gifts conform to the testimony of petitioners that they intended that all the assets used in the farming enterprise prior to October 15, 1941, should be invested in the partnership. The conditions imposed on the gifts were made imperative by the heavily encumbered status of the farm-

ing properties at that time. Investment of these gifts in the partnership stripped the children of all freedom of ownership therein. By the terms of the partnership agreement Russell Giffen had complete command over the disposition of all assets and could do with them as he saw fit. The children had no right to assign their interests. Russell Giffen was entitled to purchase them at any time. He alone had the discretion to accumulate or distribute the income earned thereon. It is true that Ruth Giffen exercised no control over the interests which she transferred to the children, but such transfers were conditioned upon investment of the properties in the partnership where they were completely subject to the control of her husband. All these facts conclusively show that petitioners had no intent to relinquish ownership over the property interests allegedly transferred to the children.

We are aware that limited partners are restricted in the extent of their participation in a partnership, but in the instant case the children contributed nothing of value to the production of partnership income at any time. "To hold that individuals carrying on business in partnership include such persons would violate the first principles of income taxation that income must be taxed to him who earns it." *Commissioner* v. *Culbertson, supra,* pp. 739, 740.

Moreover, we find significance in the fact that the young Giffens were unable to presently enjoy the fruits of the partnership in the form of net income during the tax years in question. As noted before, Russell Giffen was given full discretion by the partnership agreement whether to distribute the net profits of Russell Giffen & Co. or keep them in the business. The only net profits distributed to the children from October 15, 1941, through March 31, 1944, were for the payment of taxes on the partnership net income credited to their partnership capital accounts.

Furthermore, there is nothing in the evidence to indicate that petitioners included their children in the partnership for the purpose of advancing the farming business. On the contrary, it affirmatively appears that Russell and Ruth Giffen were aware of the tax benefits arising from this step. Undoubtedly Russell and Ruth Giffen also were motivated by a strong desire to eventually provide independent estates for their young ones, but this was a personal reason and had no relationship to a purpose to advance the business interests of the partnership. We can find no business purpose accomplished by inclusion of the children in the partnership. Formation of the partnership led to no substantial change in the economic relation of members of the Giffen family to the income produced by the farm enterprise. The husband remained in complete charge of all business operations and distribution of profits as before. The income of the

partnership was due entirely to the services of Russell Giffen and the capital contributed to the business by him and his wife. Despite insignificant factual distinctions the instant case, in our view, is controlled by *Commissioner* v. *Tower*, 327 U. S. 280, and *Ralph C. Hitchcock*, 12 T. C. 22. We are convinced that there was no bona fide intent of petitioners to conduct their farming business in partnership with their children, and therefore we hold that for Federal income tax purposes the children were not members of the partnership during the taxable years in question.

The next question raised by petitioners for our determination is whether any of the income of Russell Giffen & Co. was taxable to Patricia, Michael, Carolyn, and Price, under section 22 (a) of the code, as the owners of portions of the capital invested in the partnership even though they were not partners for tax purposes. We agree with them that both the services of Russell Giffen and the capital invested in Russell Giffen & Co. were vital factors in the production of its income. Nevertheless, the short answer to petitioners' contention that a portion of this income must be allocated to each child lies in our finding that the purported gifts of property interests in the farming enterprise to the children were incomplete and that petitioners in actuality never relinquished to the children any part of the assets invested in the partnership. We, therefore, reject petitioners' claim under section 22 (a) and hold that the net income of Russell Giffen & Co. was taxable to petitioners in equal parts.

Finally, petitioners argue that, if the partnership relationship between themselves and their children is not recognized for tax purposes and all the farming business income is taxable to them, then respondent erred in computing such income on the basis of the fiscal year of the partnership in accordance with section 188, Internal Revenue Code, rather than on the basis of the calendar year which petitioners have always employed. They contend that the net income earned by Russell Giffen & Co. from October 15 through December 31, 1941, should be excluded from their income for 1942 and the net income it earned from April 1 to December 31, in both 1942 and 1943, should be excluded from their income for 1943 and 1944, respectively.

In support of this view petitioners first assert that respondent in his notices of deficiency challenged not only the partnership status of the children, but the validity of the limited partnership taxwise. The language of these deficiency notices does leave in doubt whether respondent was taxing the income of Russell Giffen & Co. to petitioners as partners, or as tenants in common, but the computation of such income implies the former, for it was based on the partnership fiscal year. The fallacy of this argument is that the phrasing of a notice of deficiency is not the cause of action and does not frame the issues.

*Dorothy Whitney Elmhirst*, 41 B. T. A. 348, 356; *Andrew Geller*, 9 T. C. 484, 491. At the hearing and on brief respondent expressly concedes the partnership existing between Russell and Ruth Giffen in the conduct of Russell Giffen & Co.

In support of their contention Russell Giffen and Ruth Giffen next argue that they intended to go into partnership with their four children, and not just between themselves. If it is held that they were not in partnership with their four minors, then, they contend, that there was no partnership at all; and, hence, there was no partnership fiscal year upon the basis of which to compute their income from the farming business.

It is true that if we had held that Russell Giffen & Co. was not to be recognized by us for tax purposes, then the provisions of section 188 would have no application and the income reported on a partnership basis would have to be adjusted to the calendar year basis used by each of the petitioners. But respondent did not challenge the validity of the partnership of Russell Giffen & Co. for tax purposes. He recognized it to the extent of petitioners, but gave no recognition to the partnership status of the four children therein. Necessarily, our determination in this case was limited to whether the young Giffens were bona fide members of the partnership. It follows that the partnership was still in existence taxwise. Therefore, the provisions of section 188 apply and we uphold respondent's computation of petitioners' income from the farming business based on the fiscal year which was elected by Russell Giffen & Co. in keeping its books and filing its returns.

*Decisions will be entered for respondent.*